**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7257**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM SCOTT DAVIS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:14-cr-00240-BR-1; 5:18-cv-00238-BR)

Submitted:  April 4, 2019                           Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William Scott Davis, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, Jr., seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 31, 2018. The notice of appeal was filed on October 9, 2018.[*] Because Davis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny all of Davis' pending motions, including his motions to remand, appoint counsel, vacate judgment, issue a certificate of appealability, supplement the record, and grant injunctive relief. We dispense with oral argument because the facts and legal

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the undated notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

2

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*